[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court, by Memorandum of Decision dated August 30, 2000, presented findings on issues in this dissolution action including the following: (1) the marriage had irretrievably broken down; (2) that the breakdown began after three years of marriage; and (3) that the primary contributing factors of the breakdown was the way of life adopted by the Defendant after his move to California and his failure to contribute toward the family's expenses.
At the time of the court's August 30, 2000 decision dissolving the marriage, there was insufficient information to determine the value of the only significant asset, 35 Bayview Avenue, Norwalk. As a result, the court ordered further proceedings on that issue.
A hearing was held on October 31, 2000, at which time the parties stipulated that the value of 35 Bayview Avenue, a legal two family house, was $260,000, inclusive of the cost of repairs and modifications necessary to obtain a permit required for its use as a two family house.
The Court has carefully considered the criteria set forth in General Statutes §§ 46b-62, 46b-81, 46b-82, and the applicable case law in reaching the decisions reflected in the orders that follow:
1. The Defendant's interest in 35 Bayview Avenue, Norwalk, is hereby assigned to the Plaintiff. Pursuant to General Statutes § 46b-81(a), the court orders that the assignment of the Defendant's interest in said real property shall pass to the Plaintiff by virtue of this judgment without any further act of the Defendant and the Plaintiff shall record this judgment upon the land records of the city of Norwalk to effectuate the transfer.
2. The Plaintiff shall, within ninety (90) days of the date of this CT Page 14308 order shall refinance the property at 35 Bayview Avenue, Norwalk, and thereby release the present mortgage on the property and releasing the Defendant from any obligation on the existing Note and Mortgage to Chase Manhattan Bank, presently with an approximate balance of $190,000.
3. Within fifteen days after the Plaintiffs said refinance of 35 Bayview Avenue, Norwalk, the Plaintiff shall pay to the Defendant the sum of $5,000.
4. The Plaintiff shall be solely and totally responsible for payment of the following joint debts shown on her Financial Affidavit: Sears ($1,712); Internal Revenue Service ($5,000); and VISA ($5,566). These shall be paid, in full, on or before April 1, 2001. The Plaintiff shall, upon said payoffs of the Sears and VISA accounts, close said accounts such that on or before April 1, 2001, the Defendant's name shall no longer remain on either and the Defendant shall no longer have any obligation related thereto or thereon. Plaintiff shall hold harmless and indemnify the Defendant for said amounts and obligations.
5. If the Defendant is currently covered under the Plaintiff's group medical plan, then the Defendant shall be entitled to the continuation of his current coverage under the Plaintiff's group medical plan, at his expense, for the maximum period allowed by law. Plaintiff shall cooperate with the husband's continuation of said coverage under COBRA.
6. The Defendant shall be solely responsible for and shall pay his Fannie Mae student loan obligation.
7. Counsel fees — no counsel fees are awarded.
8. Counsel for the Plaintiff shall draft and sign a judgment file within thirty days and send the same to counsel for the Defendant for signing and returning to court.
Hiller, J.